MERRITT, Circuit Judge,
dissenting.
The problem in this pornography case is the gross disparity, inequality, and unfairness that exists in sentencing generally, but even more so in these child pornography viewer cases. It illustrates the continued sad dependence of federal judges on a harsh sentencing grid created by a distant bureaucracy. To illustrate the gross disparity and the unfairness of the sentencing guidelines dealing with pornography, we should read carefully the recent ease of United States v. Grober, 624 F.3d 592 (3d Cir.2010). In Grober the district court and the appellate court disagreed with the government prosecutor’s insistence on a 20-year guideline sentence for a viewer of child pornography. The defendant had on his computer considerably more images and videos than Overmyer in the instant case, plus a large collection of adult pornography. In contrast to the instant case, the guidelines grid made the defendant in Grober more culpable than Overmyer, ratcheting up his sentence 18 levels to Level 40 with a final guidelines range of 235-293 months. But in Grober the district court conducted twelve days of hearings on the subject with witnesses, mental health experts, and a guidelines legal expert, Professor Douglas Berman of Ohio State University. To make a long story short, instead of a 20-year sentence, the district court imposed a sentence limited to the mandatory minimum of five years, the lowest sentence it could impose. In upholding the sentence, the Third Circuit explained that Professor Berman had shown the irrationality and arbitrariness of the sentencing guideline process for constructing the guidelines of child pornography viewers. Both the district and appellate courts in Grober found that “most of the enhancements are essentially inherent in the crime and, thus, apply in nearly every case.” 624 F.3d at 597. The courts pointed out the constant problem of sentencing disparity and unfairness caused by the unbreakable link between guideline sentencing and the charge brought by the prosecution with the consequence that “the government’s charging discretion and plea negotiations unfairly affect defendants.” Ibid. As in the instant case, the opinion also said “that Grober appeared to have benefitted greatly from therapy” to correct his addiction which led the court to the five-year sentence as “sufficient” under the parsimony provision. The appellate opinion quoted with approval the district judge’s conclusion that “as a matter of conscience,” any term of imprisonment above the five-year mandatory minimum would be “unfair and unreasonable.” Id. at 598-99. The Third Circuit opinion is an interesting, long, comprehensive essay on how the Sentencing Commission got so far off track in this area and why so many judges and academic writers have opposed the pornography grid we must apply in this case. The Third Circuit, the district court, and Professor Berman have performed a real service to the federal judiciary; and we should follow their example.
Here the defendant also asserts that “a sentence in the 60 month range would be sufficient but not greater than necessary to punish him for his offense behavior.” (Appellant brief, p. 9.) My colleagues do not even discuss, much less take seriously, the parsimony provision. The judge in the instant case stated during the sentencing hearing that he was aware of “a very significant debate going on across the country regarding the advisory guidelines” *867 for those convicted of child pornography crimes, but, that as a policy matter, “I believe that the existing child pornography guidelines are appropriate.... [and] to the extent that there is a policy argument being made by the defendant here that the child pornography guidelines are inappropriately high, I don’t agree with that argument, and to the extent that I’ve got the authority to disagree with the child pornography guidelines on a policy basis, I do not do so because ... I believe that the guidelines themselves measure the appropriate harm.” Sentencing Tr. at 14.
As an appellate judge required by law to review and consider the sentence in this case, I assume I am permitted to disagree respectfully with the sentencing judge about the fairness of the guidelines policy and its application in this case. Like the judges in Grober, I would limit the sentence in such cases to the mandatory minimum of 5 years, as requested by defendant. Although sentencing law is filled with a vast combination of presumptions, sentencing jargon and efforts by the Sentencing Commission to make judges adhere to their harsh view of fairness, we should remember that in sentencing what is most important is the result: how many years will the defendant spend in prison, how long will his liberty be foreclosed. The Guidelines in this case, as in many cases, are too harsh, here “unconscionably” harsh, as the Third Circuit says. For the last 30 years the grid has had a massive effect on incarceration: there has been a 10-fold increase in the federal prison population which has grown from 20,000 to 216,000. The Department of Justice is now bringing about 2,000 of these pornography cases a year with a mean sentence of 10 years in prison for a total of approximately 20,000 prison years for a cost to the taxpayer of approximately $800 million. See 2010 Sourcebook of Federal Sentencing Statistics at 29. In the end it is still supposed to be the Article III sentencing judges at the trial and appellate levels who are responsible for the sentence imposed, even though the grid system has given the prosecutor, a party to the case, a dominant role, as the Third Circuit district and appellate judges discussed in Grober.
My colleagues’ response to this line of argument is that it is irrelevant and unworthy of serious consideration: They say clearly that if a district court and the grid system are together on a sentence within the grid, a reviewing judge has no business interfering. Presumably, that is the reason my colleagues refuse to discuss the harshness of the sentence, the addictive and nonviolent nature of the crime, the parsimony provision of the Sentencing Act or the validity of the grid policy that the district judge discusses and accepts. No effort is made to rebut the views expressed in the Grober case or in the many opinions and articles discussed there which strongly disagree with the guideline policy, and no effort is made to discuss the elemental fact that most of the guidelines enhancements are inherent in the crime itself for which Congress established a mandatory minimum of five years. The only argument that persuades my colleagues is that the district court and the grid are in agreement. When that is the case, the policy and the sentence must be right and no further analysis or commentary is needed. The grid becomes a biblical command for the reviewing judges. I do not agree.